**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------X

ROBERT E. SANTORA                                   :

                                      :

                Plaintiff,                   :        Civil Action No.:

                                        :        7:25-cv-05114-NSR (VR)

                v.                         :

                                          :

HACHETTE BOOK GROUP, INC.                 :

                                        :

---------------------------------------------------------------X

MEMORANDUM IN OPPOSITION TO DEFENDANT
HACHETTE BOOK GROUP, INC'S MOTION TO DISMISS THE AMENDED
COMPLAINT AND MOTION FOR MORE DEFINITIVE STATEMENT

    I.  Preliminary Statement

Plaintiff Robert Santora accepts the representation by Defendant Hachette Book Group, Inc. it had not sold book covers bearing the copyrighted work and withdraws its claim under 17 U.S.C. § 106 (1) of direct infringement by the reproduction of of the cover art for the book entitled *Slow Heat In Heaven.*  However, Plaintiff Robert Santora continues his assertion all of the books authored by Sandra Brown and identified in Exhibit D of the Amended Complaint infringe the asserted copyright as violations of 17 U.S.C. § 106 (2) inasmuch as Defendant has prepared derivative works based on the copyrighted work and distributed such derivative  works to the public.  As will be noted more fully below, derivative works are by definition dissimilar to the copyrighted work and Defendant's arguments concerning a lack of "substantial similarity" are not relevant to claims of copyright infringement by the preparation of derivative works.

Additionally, Plaintiff presents his declaration detailing his discovery of the asserted infringement in the Spring of 2024, and thus the claims are not time barred.

Further, the settlement agreement noted by Defendant Hachette Book Group, Inc. releases claims up to the effective date of the settlement agreement (paragraph 2 on page 3) in December of 2013. Defendant Hachette Book Group, Inc. has not denied its sales of the books bearing the accused derivative works are "continuing" as asserted in the Amended Complaint.

Plaintiff respectfully submits this matter should continue.

II.  Lack of Basis for Dismissal

Dismissal under Fed. R. Civ. Pro. 12(b)(6) is inappropriate unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim which would entitle him to relief." *Staron v. McDonald's Corp.*, 51 F.3d 353, 355 (2d Cir. 1995) (quoting *Conley v. Gibson*, 355 U. S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed.2d 80 (1957)). In deciding a motion to dismiss, the Court must view the complaint in the light most favorable to the plaintiff and accept the plaintiff's factual allegations as true. See, *Branham v. Meachum*, 77 F.3d 626, 628 (2d Cir. 1996); *Staron*, supra, 51 F.3d at 355. The Court's function is not to weigh the evidence that might be presented at trial but merely to determine whether the Complaint itself is legally sufficient. *See Festa v. Local 3 Int'l Brotherhood of Electrical Workers,* 905 F.2d 35, 37 (2d Cir. 1990.) The issue before the Court on this motion to dismiss "is not whether ... plaintiff will ultimately

prevail but whether the claimant is entitled to offer evidence to support the claims."

*Villager Pond, Inc. v. Town of Darien*, 56 F.3d 375, 378 (2d Cir.1995), cert. denied, 519

U.S. 808, 117 S. Ct. 50, 136 L. Ed.2d 14 (1996) (citation omitted).  *Pearson Educ., Inc. v.*

*Boundless Learning, Inc.*, 919 F.Supp.2d 434 (SDNY 2013)

The Amended Complaint in this action states Robert E. Santora was engaged by

defendant Hachette Book Group, Inc. as an artist to create artwork for cover designs for

books authored by Sandra Brown, paragraph 9 of the Amended Complaint (ECF

document no. 5,) and the artwork for books authored by Sandra Brown then being

published is illustrated in Exhibit A of the Amended Complaint.  These book covers

existing prior to the creative book cover designs of Plaintiff Robert E. Santora included

many differing styles and stock photographs with text of Sandra Brown's name in varying

styles of fonts; and did not present a unified look and feel for book covers for books

authored by Sandra Brown. (paragraph 9 of the Amended Complaint.)

Plaintiff Robert Santora created artwork for the Sandra Brown books for a

consistent style to present a unified look and style for the book covers, and this original

artwork of Plaintiff included the author's name in large full capital letters with a unified

sans-serif font that has a streamlined look and feel while making a bold and dynamic

statement of the author.  The author's name Sandra Brown being highly dominant and

positioned in the upper section of the illustration with the book title in large type

proximately in the lower half of the illustration with a depiction of a soft background

image to provide a completely different look and style for a book cover for titles authored by Sandra Brown. (Paragraph 10 of the Amended Complaint.) This artwork is illustrated in Exhibit B of the Amended Complaint.

Exhibit D of the Amended Complaint illustrates covers of books authored by Sandra Brown and published and sold by the defendant Hachette Book Group, Inc. (paragraph 14 of the Amended Complaint) and each of these book covers of Exhibit D adopts original and distinctive features of the original artwork created by Plaintiff Robert E. Santora for the books authored by Sandra Brown as represented by the design for "Slow Heat in Heaven," and include the very features that distinguish the covers of Exhibit D from the Sandra Brown books as previously published and illustrated in Exhibit A before the creative artwork of plaintiff Robert E. Santora. In paragraphs 16 and 17 of the Amended Complaint it is asserted the book covers of Exhibit D of the Amended Complaint infringe Mr. Santora's copyright as a result of being "derivative works."

A derivative work is defined in the Copyright Act as  "a work based upon one or more preexisting works, such as a[n] ... art reproduction, abridgement, condensation, or any other form in which a work may be recast, transformed, or adapted." 17 U.S.C. § 101.

Hachette Book Group, Inc. took the copyrighted art reproduction created by Plaintiff Robert Santora and transformed and certainly "adapted" this copyrighted artwork for use on differing books authored bySandra Brown with differing titles and plots, and maintained the commonality of features that are present in the copyrighted artwork of

Robert Santora and yet not found in the preexisting covers of the earlier Sandra Brown books illustrated in Exhibit A of the Amended Complaint.

Defendant Hachette Book Group, Inc. has not denied this salient fact; but argues the accused book covers are not "substantially similar" to the copyrighted work. However, a derivative work is, by definition, not the same as the original work from which it is derived, see 17 U.S.C.A. § 101. An infringing derivative work is defined in the Copyright Act as "a work based upon one or more preexisting works" that has been adapted in any other form. A work "adapted" from a copyrighted work is an infringement of the copyright. See 17 U.S.C. § 106(2;) not because it has "substantial similarity" to the copyrighted work, but because its is "adapted" from the copyrighted work.

Plaintiff Robert Santora has the right to take discovery and determine exactly why the book covers of the Sandra Brown books in Exhibit D of the Amended Complaint are so similar to the copyright design and yet so dissimilar to the preexisting book covers of Sandra Brown identified in Exhibit A of the Amended Complaint. Defendant has provided no explanation for such similarity of the book covers of Exhibit D to the copyrighted design and yet such are so dissimilar to previous Sandra Brown books it published.

Plaintiff has pled direct infringement by Defendant's creation and sale of derivative works, and therefore the resale of the Sandra Brown books bearing the derivative works by Defendant's customers as noted paragraph 20 of the Amended

Complaint properly establishes contributory infringement. *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 930, 125 S.Ct. 2764, 162 L.Ed.2d 781 (2005) ("One infringes contributorily by intentionally inducing or encouraging direct infringement. ..."); *Faulkner v. Nat'l Geographic Enters. Inc.*, 409 F.3d 26, 40 (2d Cir.2005) ("`One who, with knowledge of the infringing activity, induces, causes or materially contributes to the infringing conduct of another, may be held liable as a `contributory' infringer.'") (internal alterations omitted) (quoting *Gershwin Publ'g Corp. v. Columbia Artists Mgmt., Inc*., 443 F.2d 1159, 1162 (2d Cir.1971)).

III.  Late Discovery of Defendant's Infringement

Submitted is a declaration from Plaintiff Robert Santora establishing he discovered the asserted infringement in the Spring of 2024, well within the three year statute of limitations for copyright actions.  Defendant asserts that somehow Plaintiff as an artist creating artwork for publishing houses and not being earlier aware of Defendant's infringement "defies credulity."   The Second Circuit, however, has ruled that "[t]here is no 'sophisticated plaintiff' exception to the discovery rule, or to a defendant's burden to plead and prove a statute-of-limitations defense." *Michael Grecco Prods., Inc. v. RADesign, Inc*., No. 23-1078 (2d Cir. Aug. 16, 2024).

IV.  Settlement Agreement

The settlement agreement of Defendant's Exhibit A recites a release limited to claims up to the effective date of the settlement agreement (paragraph 2 on page 3) in

December of 2013.  Paragraph 20 of the Amended Complaint asserts the sales of the accuse products are continuing and Defendant Hachette Book Group, Inc. has not denied its sales of the books bearing the accused derivative works are "continuing" as asserted in the Amended Complaint.  The settlement agreement was 12 years ago, and substantial claims exist for Defendant's activities since then.

V.  Foreign Sales

Presumably Defendant Hachette Book Group, Inc. has made or authorized sales abroad of books by Sandra Browm bearing the accuse book covers, and these sales are likely transitory and disputes can arise as to where the sales actually occurred.  In *Armstrong v. Virgin Records*, 91 F.Supp.2d 628 (S.D.N.Y.2000), plaintiff, a jazz musician, claimed *inter alia* that defendants violated his copyright in a song recorded in the United Kingdom, and which was thereafter distributed worldwide. See id. at 630-31. The court held that it could entertain plaintiff's claims under international copyright laws on the basis of diversity jurisdiction, and, potentially, on the basis of pendent subject matter jurisdiction to plaintiff's domestic infringement claims. See id. at 637-38.  Note also *Carell v. Shubert Organization, Inc*., 104 F.Supp.2d 236 ( SDNY 2000.)

VI.  Attorney Fees

Plaintiff may well be entitled to attorney fees under 28 U.S.C. § 1297 in view of Defendant misdirecting the Court by seeking to dismiss claims based on 17 U.S.C. §106(2) by arguing they do not violate 17 U.S.C. §106(1) of the copyright statute;

especially after notice by earlier letters to the court.

VII.  Conclusion

Plaintiff does not object to filing an amended complaint to address more fully the

statute of limitations and settlement agreement matters should the Court decide it would

be helpful.  But it is respectfully submitted Plaintiff has pled viable claims for copyright

infringement by Defendant producing derivative works from Plaintiff's copyrighted work

and this matter should proceed towards discovery.

New York, New York                              Respectfully submitted,
December 19, 2025                                /s/ Gerard F. Dunne
                                                Gerard F. Dunne (GD 3323)
                                                Law Office of Gerard F. Dunne, P.C.
                                                56 Lakeview Drive
                                                Riverhead, New York 11901
                                                 917 656 7753
                                                jerry.dunne@dunnelaw.net
                                                *Attorney for Robert E. Santora*