UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ROBERT E. SANTORA, an individual residing in the State of New York,

        Plaintiff,

        v.

HACHETTE BOOK GROUP, INC., a corporation of the State of New York,

        Defendant.

Civil Action No. 7:25-cv-5114-NSR

---

**<u>REPLY IN SUPPORT OF DEFENDANT HACHETTE BOOK GROUP, INC.'S MOTION TO DISMISS PLAINTIFF ROBERT E. SANTORA'S AMENDED COMPLAINT AND MOTION FOR A MORE DEFINITE STATEMENT</u>**

MAYER BROWN LLP
Allison M. Aviki
1221 Avenue of the Americas
New York, New York 10020
aaviki@mayerbrown.com
Tel: (212) 506-2500

*Counsel for Defendant*
*Hachette Book Group, Inc.*

## TABLE OF CONTENTS

**Page**

ARGUMENT ...................................................................................................................... 3

I.      The Court Should Dismiss The Amended Complaint With Prejudice ............................. 3

    A.      Plaintiff's direct copyright infringement theory based on Hachette's purported "creation and sale of derivative works" fails to state a claim. .............. 3

        1.      Plaintiff is required (but fails) to allege substantial similarity................... 3

        2.      Plaintiff does not dispute he must allege actual copying. .......................... 6

    B.      Plaintiff has failed to show secondary infringement............................................. 6

    C.      Plaintiff has no valid claim under international law. ............................................. 7

    D.      Plaintiff's declaration does not save his untimely claims. .................................... 8

    E.      Plaintiff's claim for attorney's fees fails............................................................... 9

II.     At Minimum, The Court Should Order A More Definite Pleading ............................... 10

III.    Discovery Should Remain Closed ................................................................................. 10

CONCLUSION.................................................................................................................. 10

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Abdin v. CBS Broad. Inc.*,
   971 F.3d 57 (2d Cir. 2020).................................................................................................3, 6

*Armstrong v. Virgin Recs., Ltd.*,
   91 F. Supp. 2d 628 (S.D.N.Y. 2000)........................................................................................7

*Baker v. Hannah-Jones*,
   2024 WL 5090086 (S.D.N.Y. Dec. 11, 2024) ..........................................................................8

*Brook v. Ruotolo*,
   2023 WL 5352773 (S.D.N.Y. Aug. 21, 2023)..........................................................................1

*Carell v. Shubert Org.*,
   104 F. Supp. 2d 236 (S.D.N.Y. 2000)......................................................................................7

*Castle Rock Ent., Inc. v. Carol Publ'g Grp., Inc.*,
   150 F.3d 132 (2d Cir. 1998).................................................................................................3, 6

*Chartwell Therapeutics Licensing, LLC v. Citron Pharma LLC*,
   2020 WL 7042642 (E.D.N.Y. Nov. 30, 2020)..........................................................................8

*Gong v. Savage*,
   2024 WL 4696128 (S.D.N.Y. Nov. 4, 2024)............................................................................8

*Gordon v. Equitas Cap. Grp., LLC*,
   2025 WL 2771708 (S.D.N.Y. Sept. 29, 2025)..........................................................................1

*Hartmann v. Amazon.com, Inc.*,
   2021 WL 3683510 (S.D.N.Y. Aug. 19, 2021)..........................................................................7

*Litchfield v. Spielberg*,
   736 F.2d 1352 (9th Cir. 1984) ............................................................................................4, 5

*Mayimba Music, Inc. v. Sony Corp. of Am.*,
   2014 WL 5334698 (S.D.N.Y. Aug. 19, 2014)........................................................................3, 4

*Michael Grecco Prods., Inc. v. RADesign, Inc.*,
   112 F.4th 144 (2d Cir. 2024) ....................................................................................................8

*Moreau v. Peterson*,
   2015 WL 4272024, (S.D.N.Y. July 13, 2015).........................................................................5

# TABLE OF AUTHORITIES

(Continued)

**Page(s)**

*Nakahata v. New York-Presbyterian Healthcare Sys.*,
  723 F.3d 192 (2d Cir. 2013)..........................................................................................8

*Purdie v. Brown*,
  2015 WL 6741875 (S.D.N.Y. Nov. 3, 2015) (Román, J.) ...........................................5

*Reed Elsevier, Inc. v. Muchnick*,
  559 U.S. 154 (2010)....................................................................................................3

*Ritani, LLC v. Aghjayan*,
  880 F. Supp. 2d 425 (S.D.N.Y. 2012)........................................................................6

*Well-Made Toy Mfg. Corp. v. Goffa Int'l Corp.*,
  354 F.3d 112 (2d Cir. 2003)........................................................................................3

**Statutes**

17 U.S.C. § 106................................................................................................................4, 9

17 U.S.C. § 505................................................................................................................2, 9

28 U.S.C. § 1927..............................................................................................................2, 9

**Other Authorities**

Fed. R. Civ. P. 12...............................................................................................................10

***Plaintiff concedes he has no basis for his claim that Hachette published books bearing his allegedly copyrighted artwork.*** He "withdraws" that direct infringement claim. Opp. 1. This concession should end the action as the only remaining allegations revolve around book covers that have zero similarity apart from prominently featuring author Sandra Brown's name—and Plaintiff doesn't get to own that. Plaintiff attempts to evade this reality by baldly claiming "a lack of 'substantial similarity' [is] not relevant" to his claim of "copyright infringement by the preparation of derivative works." Opp. 1. Plaintiff cites no authority whatsoever for this position, a position viewed as "frivolous" by courts for decades. Further, Plaintiff fails to rebut, and thus waives, the following:

- "Plaintiff fails to allege actual copying" (Mot. 14-15) as required to state a claim for direct copyright infringement, including because Plaintiff's "alleged similarities in the positioning and styling of the author's name and book title" are "all unprotectible and commonplace elements familiar to the publishing industry" (Mot. 2).

- Plaintiff has not plausibly alleged substantial similarity (Mot. 7), including because "[f]ont styles and text placement" are not protected elements  and are not relevant to the substantial similarity analysis and the images used on the asserted and accused book covers "have nothing similar in common at all" (Mot. 11).

- Plaintiff's "rank speculation that Hachette used 'artificial intelligence' to create the Exhibit D covers cannot be credited, even at the pleading stage" (*id.* at 11 n.4 (quoting FAC ¶ 18)).

*Brook v. Ruotolo*, 2023 WL 5352773, at *8 (S.D.N.Y. Aug. 21, 2023), *aff'd*, 2024 WL 3912831 (2d Cir. Aug. 23, 2024) ("[W]here a plaintiff fails to respond to defendants' arguments in support of their motion to dismiss, courts will deem the underlying claim or argument dismissed."); *Gordon v. Equitas Cap. Grp., LLC*, 2025 WL 2771708, at *6 (S.D.N.Y. Sept. 29, 2025) ("Where

a plaintiff abandons a claim at the motion to dismiss stage, dismissal with prejudice is appropriate."). Plaintiff fails to state a cognizable claim for direct copyright infringement. The Court should dismiss the Amended Complaint in its entirety.

Other aspects of the Amended Complaint also fail for separate, additional reasons that Plaintiff's Opposition fails to rebut:

- Plaintiff has not alleged contributory infringement. This claim fails not only because Plaintiff fails to allege direct infringement, but also because he alleges no plausible facts showing contributory infringement.

- There is no jurisdictional basis for Plaintiff's attempted claims under the Berne and Universal Copyright Conventions, and Plaintiff has not specified any other law to ground a copyright infringement claim under foreign law.

- The declaration Plaintiff submitted with his Opposition does not salvage the Amended Complaint's failure to allege he was unable, with the exercise of due diligence, to discover the alleged infringement more than three years before he filed his original complaint in June 2025. Thus, his claims are untimely.

- Plaintiff concedes he has no basis for pursuing attorney's fees under 17 U.S.C. § 505, and his nonsensical attempt to obtain fees under "28 U.S.C. § 1297" has no merit (even if intended as a claim under 28 U.S.C. § 1927).

Plaintiff has acknowledged himself to be someone who brings unsubstantiated claims. Hachette shouldn't be forced to incur any additional expense, particularly the cost of discovery, to defend against what remains: facially flawed claims that are readily decided as a matter of law and cannot be salvaged by further amendment.

2

**ARGUMENT**

I.    **THE COURT SHOULD DISMISS THE AMENDED COMPLAINT WITH PREJUDICE**

A.    **Plaintiff's direct copyright infringement theory based on Hachette's purported "creation and sale of derivative works" fails to state a claim.**

1.    **Plaintiff is required (but fails) to allege substantial similarity.**

Plaintiff chose to bring a copyright infringement claim, which means that he must abide by copyright law. And it is black letter law that a copyright infringement plaintiff must make the showing that "a substantial similarity exists between the defendant's work and the protectible elements of plaintiff's work." *Abdin v. CBS Broad. Inc.*, 971 F.3d 57, 66 (2d Cir. 2020) (quotation omitted). That includes plaintiffs asserting claims based on the alleged creation of derivative works, where the Second Circuit directs courts to "apply[] the substantial similarity test to determine whether an allegedly derivative work infringes copyright." *Mayimba Music, Inc. v. Sony Corp. of Am.*, 2014 WL 5334698, at *21 (S.D.N.Y. Aug. 19, 2014) (citing *Well-Made Toy Mfg. Corp. v. Goffa Int'l Corp.*, 354 F.3d 112 (2d Cir. 2003)).[1] Hachette raised this argument in its Motion (Mot. 7 n.3 (citing *Castle Rock Ent., Inc. v. Carol Publ'g Grp., Inc.*, 150 F.3d 132, 143 n.9 (2d Cir. 1998)). Yet Plaintiff fails to acknowledge *Castle Rock*, let alone cite any contrary authority to support his conclusory assertion that "[a] work 'adapted' from a copyrighted work is an infringement of the copyright" regardless of whether "it has 'substantial similarity' to the copyrighted work." Opp. 5.[2]

---

[1] As Judge Hellerstein noted, *Well-Made Toy* was abrogated on other grounds by *Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154 (2010). *See Mayimba*, 2014 WL 5334698, at *21 n.12.

[2] Plaintiff also falsely suggests that Hachette "has not denied" that it "'adapted' [his] copyrighted artwork for use on differing books authored by[] Sandra Brown." Opp. 4-5. This argument improperly attempts to flip the burden on a motion to dismiss onto Hachette. It is also patently false. Hachette denies that it "adapted" or otherwise used Plaintiff's artwork to create any book

3

Far from meeting the substantial similarity test, ***page one of Plaintiff's opposition brief appears to acknowledge that the accused Hachette book covers are "dissimilar to the copyrighted work."*** Opp. 1. That statement then leads to an even more astonishing one: the argument that binding copyright law is "not relevant." *Id.* But a copyright plaintiff cannot evade the substantial similarity requirement by labeling accused works as "derivative"—17 U.S.C. § 106(2) is no escape route from substantial similarity.

Other would-be copyright plaintiffs attempting that argument have met unreceptive federal courts. Writing in 2014, for example, Judge Hellerstein explained that the "only way" a plaintiff can "prove that" the accused "remix was a derivative" of its copyrighted song "would be for [the plaintiff] to prove that the remix illegally copies [that] song because a substantial similarity exists between the remix and the protectable elements of [that] song, *i.e.* to prove that the remix infringes its copyright." *Mayimba Music, Inc.*, 2014 WL 5334698, at *21. Since the plaintiff had failed to do exactly that, Judge Hellerstein dismissed those claims—and relied on decades of caselaw across three different circuits to reach that conclusion. *Id.* Among those was *Litchfield v. Spielberg*, where the Ninth Circuit observed that plaintiff "apparently believes that she does not have to show substantial similarity to show that [the accused work] is a derivative work," then went on to dispel that argument:

> "To prove infringement, one must show substantial similarity. . . . [Plaintiff's] arguments that section 106(2) radically altered the protection afforded by the law of copyright are frivolous."

---

covers, as is apparent from the lack of any substantial or probative similarity between the accused covers and Plaintiff's alleged artwork. *See also, e.g.*, Mot. 2 n.1; *id.* at 11.

736 F.2d 1352, 1357 (9th Cir. 1984) (citation omitted). Here, Plaintiff advances the same frivolous argument—which must have been obvious since he offers zero caselaw support for his theory. *See* Opp. 2-5 (citing only superseded 12(b)(6) standards).

The only discernible "similarity" Plaintiff argues is mention of a "commonality of features." Opp. 4-5. But the Opposition offers nothing beyond the same language from the Amended Complaint concerning "the author's name in large full capital letters with a unified sans-serif font that has a streamlined look and feel while making a bold and dynamic statement of the author" and the "author's name Sandra Brown being highly dominant and positioned in the upper section of the illustration with the book title in large type proximately in the lower half of the illustration with a depiction of a soft background image." Opp. 3-4. Hachette addressed the fatal flaws in those allegations at length (Mot. 9-14)—including the lack of protectability and lack of similarity—and Plaintiff declines to engage any of Hachette's well-substantiated points. Nor does he attempt to engage with this District's caselaw, simply ignoring the on-point reasoning of *Croak* and *Dean* (Mot. at 12-13). He ought to be deemed to have abandoned these claims. *Moreau v. Peterson*, 2015 WL 4272024, at *4 (S.D.N.Y. July 13, 2015) (Román, J.), *aff'd*, 672 F. App'x 119 (2d Cir. 2017) ("'[P]laintiff's failure to respond to contentions raised in a motion to dismiss . . . constitutes an abandonment of those claims.'" (quoting *Youmans v. Schriro*, 2013 WL 6284422, at *5 (S.D.N.Y. Dec. 3, 2013))); *Purdie v. Brown*, 2015 WL 6741875, at *8 (S.D.N.Y. Nov. 3, 2015) (Román, J.) (same).

Further, and importantly, because Plaintiff does not deny that his work "incorporates unprotectible elements from the public domain," it's undisputed that the applicable test (as Hachette pointed out, Mot. at 7-8) is the "more discerning observer test" that "***requires substantial similarity between those elements, and only those elements, that provide copyrightability to the***

5

*allegedly infringed work*." *Abdin*, 971 F.3d at 66 (cleaned up). Plaintiff can't articulate the protectible elements of his asserted work—because his entire argument relies on the unprotectible, *i.e.*, prominently featuring the author's name and the book's title. Fatally for him, "the failure to plead facts regarding how the [asserted and accused works] are 'substantially similar,' including identifying the protectable elements of the works as part of its claim, will result in the dismissal of the copyright claim." *Ritani, LLC v. Aghjayan*, 880 F. Supp. 2d 425, 442 (S.D.N.Y. 2012).

**2.      Plaintiff does not dispute he must allege actual copying.**

Plaintiff effectively ignores Hachette's separate, independent argument that he is required to, but does not, allege actual copying in order to state a copyright infringement claim based on Hachette's alleged creation of book covers derivative of his work. Mot. 14-16. As explained in Hachette's Motion, Plaintiff must plausibly allege similarities probative of copying in order to satisfy the actual copying element. *See Castle Rock*, 150 F.3d at 137. But none of the alleged similarities plausibly support an inference of copying rather than independent creation. Plaintiff presents no argument and cites no authority to rebut this. Thus, the Court should dismiss Plaintiff's copyright infringement claim for this additional reason.

**B.      Plaintiff has failed to show secondary infringement.**

Plaintiff's Opposition barely responds to Hachette's arguments as to why his secondary infringement claim fails. *Compare* Mot. 16-17, *with* Opp. 5-6. In a single sentence, Plaintiff merely asserts that because he purportedly "pled direct infringement" (Opp. 5), he has established secondary infringement. Not so. As Hachette's cases (which Plaintiff ignores) make clear, a plaintiff must allege sufficient factual support to state a secondary infringement claim. He's failed to do so. Nor do Plaintiff's two parentheticals help, as they merely state the legal standard. Opp. 6. Repeating the standard is not enough; plaintiff must allege *plausible* factual support. For example, Plaintiff does not allege how Hachette induced others to infringe, when or where such

6

infringement took place, or which book titles were at issue. *See* FAC ¶¶ 19-20. Devoid of factual support, Plaintiff's pleading boils down to a sweeping (and speculative) statement that Hachette's unknown "customers" sold unknown books "worldwide" at an unknown time. *Id.* ¶ 20. Plaintiff's contributory infringement claim should be dismissed.

### C.    Plaintiff has no valid claim under international law.

Neither *Armstrong* nor *Carell* (Opp. 7) support a claim here under the UCC or Berne Convention. These cases merely hold that a U.S. federal court can theoretically exercise subject matter jurisdiction over foreign copyright infringement claims, depending on the facts and laws at issue. *Armstrong v. Virgin Recs., Ltd.*, 91 F. Supp. 2d 628, 637 (S.D.N.Y. 2000); *Carell v. Shubert Org.*, 104 F. Supp. 2d 236, 258 (S.D.N.Y. 2000). Critically, however, *Carell* **dismissed** the plaintiff's "assertion of claims for copyright violations under the Berne Convention and UCC" as "improper." 104 F. Supp. 2d at 258.[3] That's because, as Hachette previously noted (Mot. 17-18), these conventions "do not offer an independent jurisdictional basis for suit in U.S. federal court." *Id.* at 259. Plaintiff offers no response. Nor does he dispute that he is required to allege the violation of a specific foreign copyright law—and has failed to do so. *Compare* Mot. 17-18, *with* Opp. 7. Because there is no jurisdictional basis for Plaintiff's claims under the UCC and Berne Convention, and neither his Amended Complaint nor his opposition identifies any other specific foreign copyright law, the Court should dismiss his international copyright law claims. *See Hartmann v. Amazon.com, Inc.*, 2021 WL 3683510, at *1, 10 (S.D.N.Y. Aug. 19, 2021) (dismissing claim that defendant's "distribution" of allegedly infringing films "in foreign markets constitutes copyright infringement under 'foreign copyright laws'" as impermissibly vague (quotation omitted)).

---

[3] *Armstrong* did not address jurisdiction over claims brought under either of these conventions.

**D.        Plaintiff's declaration does not save his untimely claims.**

The Amended Complaint contains no allegations about when Plaintiff discovered the alleged infringement. Plaintiff's Declaration cannot supply those missing allegations because a declaration attached to an opposition is not a pleading, and the Court does "not consider matters outside the pleadings in deciding a motion to dismiss for failure to state a claim." *Nakahata v. New York-Presbyterian Healthcare Sys.*, 723 F.3d 192, 202 (2d Cir. 2013); *Chartwell Therapeutics Licensing, LLC v. Citron Pharma LLC*, 2020 WL 7042642, at *10 (E.D.N.Y. Nov. 30, 2020) (declining to consider plaintiff's declaration in deciding a motion to dismiss).

Even so, Plaintiff's Declaration does not bring his copyright infringement claims within the three-year statute of limitations. Plaintiff does not dispute that a copyright infringement claim accrues once the "holder discovers, *or with due diligence should have discovered*, the infringement." *Baker v. Hannah-Jones*, 2024 WL 5090086, at *2 (S.D.N.Y. Dec. 11, 2024) (emphasis added). The case he relies on itself holds that "to be timely, [the plaintiff] must have been unable, with the exercise of due diligence, to discover the infringing activity prior to [the date] three years before the complaint was filed." *Michael Grecco Prods., Inc. v. RADesign, Inc.*, 112 F.4th 144, 151 (2d Cir. 2024) (emphasis omitted). Courts have continued to dismiss copyright claims as time-barred where, as here, the plaintiff failed to plausibly allege diligence. *See Baker*, 2024 WL 5090086, at *2. Here, Plaintiff offers no plausible allegation as to why a self-described "commercial artist" had "no knowledge or any reason" (Decl. ¶¶ 1, 6) to check whether the *New York Times* bestselling author's book he was supposedly "engaged by" (FAC ¶ 9) Hachette to produce a cover for actually used that cover upon that book's publication in 2012.[4]

---

[4] Such an allegation would also be inconsistent with the December 2013 release of claims that Hachette had purportedly used certain prior work of Plaintiff's. *See Gong v. Savage*, 2024 WL 4696128, at *3 (S.D.N.Y. Nov. 4, 2024) (dismissing direct copyright infringement claim as

### E.    Plaintiff's claim for attorney's fees fails.

The Amended Complaint only seeks attorney's fees "pursuant to 17 U.S.C. § 505." FAC, Prayer For Relief ¶ D. Again Plaintiff does not dispute that he is ineligible for attorney's fees pursuant to 17 U.S.C. § 505 given that all of the accused works were published before the effective date of his copyright. *See* Mot. 19. The Court should accordingly dismiss Plaintiff's claim for attorney's fees from the Amended Complaint.

The Court should also reject Plaintiff's attempt to insert a new basis for claiming fees, raised for the first time in response to Hachette's pre-motion letter and appearing again in his opposition: that he "may well be entitled to attorney's fees under 28 U.S.C. § 1297." Opp. 7-8. Hachette is aware of no such statute and, as already pointed out in its Motion (Mot. 19 n.7), assumes this is a typographical error intended to refer to 28 U.S.C. § 1927. Plaintiff tellingly abandons the theory that he is entitled to fees under § 1927 because Hachette asserted "inconceivable defenses." *Compare* ECF No. 10 at 3, *with* Opp. 7-8. But he continues to insist Hachette is "misdirecting" the Court by supposedly arguing that his claims, which he says are "based on 17 U.S.C. § 106(2)," "do not violate 17 U.S.C. § 106(1)," Opp. 7. That argument is nonsensical. Hachette's motion to dismiss does not depend on a copyright owner's exclusive right to "reproduce the copyrighted work in copies or phonorecords" under § 106(1). To the extent Plaintiff is objecting to Hachette's argument that his "derivative works" theory of copyright infringement fails for lack of substantial similarity,[5] Hachette's argument is neither unreasonable

---

untimely where the plaintiff complained of the alleged infringement more than three years before filing suit).

[5] 17 U.S.C. § 106(2) refers to a copyright owner's exclusive rights to "prepare derivative works based upon the copyrighted work."

nor vexatious. To the contrary, it is correct and grounded in well-established law. *See, e.g.*, Mot. at 7 n.3; *supra*, 3-5.

## II.      AT MINIMUM, THE COURT SHOULD ORDER A MORE DEFINITE PLEADING

Plaintiff does not dispute that a more definite statement is warranted under Rule 12(e) where a substantial threshold question—including the applicability of a general release—may be dispositive. *See* Mot. 21-22. Instead, Plaintiff's sole argument is that he alleged "the sales of the accuse [sic] products are continuing" and "[t]he settlement agreement was 12 years ago." Opp. 7 (citing FAC ¶ 20). The cited paragraph of the Amended Complaint contains no specific allegation of "continuing" sales. In any event, Plaintiff ignores that the release covers ███████

███████████████████████████████████████████████████

███████—that is, it bars future claims that stem from any pre-December 2013 acts. Mot. Ex. A, 2-3 (emphasis added). As Hachette's Motion explains (at 22), this at least includes claims regarding continuing sales of books alleged to infringe due to their pre-release publication with a purportedly infringing cover. Thus, if any portion of Plaintiff's claims survive, the Court should direct Plaintiff to file a more definite statement.

## III.     DISCOVERY SHOULD REMAIN CLOSED

Plaintiff does not rebut Hachette's argument that the Court should stay discovery while this potentially dispositive motion is pending. *See* Mot. 23-24. Discovery should remain closed.

## CONCLUSION

For all of the foregoing reasons, Hachette respectfully requests that the Amended Complaint be dismissed with prejudice.

Dated:  January 5, 2026                        MAYER BROWN LLP
        New York, New York
                                                BY: /s/ *Allison M. Aviki*
                                                Allison M. Aviki
                                                1221 Avenue of the Americas
                                                New York, New York 10020
                                                aaviki@mayerbrown.com
                                                Tel: (212) 506-2500

                                                *Counsel for Defendant*
                                                *Hachette Book Group, Inc.*

11

## **WORD COUNT CERTIFICATION**

I hereby certify that the text, including footnotes, of the aforementioned Memorandum of Law contains 3,052 words and 10 pages in compliance with the Court's Individual Rules of Practice and L.R. 7.1(c), as calculated by the word-processing software used to draft the Memorandum.

Dated: January 5, 2026
New York, New York

MAYER BROWN LLP

By: /s/ *Allison M. Aviki*
Allison M. Aviki
1221 Avenue of the Americas
New York, New York 10020
aaviki@mayerbrown.com
Tel: (212) 506-2500

*Counsel for Defendant Hachette Book Group, Inc.*

12