UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ROBERT E. SANTORA,

                              Plaintiff,

        -against-

HACHETTE BOOK GROUP, INC.,

                              Defendant.

7:25-cv-05114 (NSR)

**OPINION & ORDER**

---

NELSON S. ROMÁN, United States District Judge:

Robert E. Santora ("Santora" or "Plaintiff") brings this action against Defendant Hachette Book Group, Inc. ("Hachette" or "Defendant") asserting claims for copyright infringement under the Copyright Act of 1976, the Universal Copyright Convention, and the Berne Convention arising from artwork he allegedly created for the book cover design of *Slow Heat in Heaven*. (ECF No. 1.) Presently before the Court is Defendant's motion to dismiss Plaintiff's First Amended Complaint ("FAC"). (ECF No. 16.) For the following reasons, the Court GRANTS Defendant's motion to dismiss.

## BACKGROUND

### I.        Factual Background

The following facts are drawn from Plaintiff's First Amended Complaint ("FAC") and the exhibits attached thereto and are taken as true for purposes of this motion.

Plaintiff is a freelance artist who creates artwork for publishing houses for use as book covers. (FAC ¶ 8, ECF No. 5.) Plaintiff alleges that Defendant Hachette engaged him to create artwork for cover designs for books authored by Sandra Brown. (*Id.* ¶ 9.) According to Plaintiff, before being engaged, Sandra Brown books used varying cover styles, stock photographs, and different font treatments, and did not present a unified "look and feel." (*Id.*; Ex. A.) Following his

engagement, Santora's artwork allegedly created a more consistent visual identity for Sandra Brown's books by using the author's name in large capital letters with a unified sans-serif font, dominant placement of the author's name in the upper portion of the cover, the book title in large type in the lower portion, and a soft background image. (*Id*. ¶ 10.) Plaintiff created and designed artwork at Defendant's request for the Sandra Brown book, "Slow Heat in Heaven." (Id. ¶ 11.) Plaintiff identifies the book cover design for *Slow Heat in Heaven* as his asserted work. (*Id*.; Ex. B.) The book cover artwork is the subject of Copyright Registration VA 2-420-710. (*Id.* ¶ 11; Ex. C.) Plaintiff claims Hachette did not receive his permission to use the *Slow Heat in Heaven* artwork and did not compensate him for its use. (*Id*. ¶ 12.) He further alleges in the FAC that Hachette published and sold copies of *Slow Heat in Heaven* in hardcover, paperback, audio, and digital formats using his cover artwork without authorization and facilitated such sales worldwide. (*Id*. ¶ 13.)

Santora further contends that Hachette published and sold additional Sandra Brown books with covers that adopted original and distinctive features of his *Slow Heat in Heaven* artwork. (*Id.* ¶¶ 14-15; Ex. D.) Plaintiff contends that the covers share the same "look and feel" as his asserted work and constitute derivative works copied from his copyrighted artwork. (*Id.* ¶¶ 16-17.) He also alleges, upon information and belief, that Hachette created or authorized those covers using techniques such as artificial intelligence to derive additional covers from his artwork. (*Id.* ¶ 18.)

Finally, Santora alleges that Hachette directly infringed his copyright, induced infringement by third parties and retailers, and continued to use the challenged cover designs after being informed of the alleged infringement. (*Id.* ¶¶ 19-21.) Plaintiff also alleges that foreign sales violated international copyright law, including the Universal Copyright Convention and the Berne Convention. (*Id.* ¶ 22.)

## II.    Procedural History

Plaintiff commenced this action on June 18, 2025. (ECF No. 1.) On July 28, 2025, Plaintiff filed the Amended Complaint. (ECF No. 5.) On September 2, 2025, Defendant sought leave to file a motion to dismiss the Amended Complaint, which the Court granted on September 8, 2025. (ECF Nos. 8, 11.)

On January 5, 2026, the parties filed their respective motion papers. Defendant filed its motion to dismiss, corresponding memorandum of law in support, and reply. (Def. Mot., ECF No. 16; Def. Mem., ECF No. 17; Reply, ECF No. 24.) Plaintiff filed his opposition to Defendant's motion. (Pl. Opp., ECF No. 19.) Defendant's motion is now before the Court.

## LEGAL STANDARD

## I.    Rule 12(b)(6)

To survive a 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Factual allegations must "nudge [a plaintiff's] claim from conceivable to plausible." *Twombly*, 550 U.S. at 570. A claim is plausible when the plaintiff pleads facts that allow the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678. "In considering a motion to dismiss for failure to state a claim, the district court is normally required to look only to the allegations on the face of the complaint…the court may [also] consider documents that are attached to the complaint, incorporated in it by reference, [or] integral to the complaint." *United States v. Strock*, 982 F.3d 51, 63 (2d Cir. 2020) (quotation marks omitted).

In assessing the sufficiency of the claims, the court is "not required to credit conclusory allegations or legal conclusions couched as factual allegations." *Rothstein v. UBS AG*, 708 F.3d

82, 94 (2d Cir. 2013). While legal conclusions may provide the "framework of a complaint," "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 556 U.S. at 678-79. "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* at 678.

## DISCUSSION

Plaintiff alleges copyright infringement in violation of the Copyright Act of 1976, the Universal Copyright Convention and the Berne Convention. (FAC ¶ 7.) In opposition, Plaintiff withdrew his direct reproduction theory under 17 U.S.C. § 106(1), but continues to assert that the covers identified in Exhibit D to the FAC are infringing derivative works under 17 U.S.C. § 106(2).[1] (Pl. Opp. 1.) Defendant argues that Plaintiff's remaining claims must be dismissed because (1) Plaintiff fails to allege a cognizable derivative-work copyright claim, (2) Plaintiff fails to plausibly allege actual copying, (3) Plaintiff cannot state a claim under the Universal Copyright Convention or Berne Convention, (4) Plaintiff's claims are time-barred, and (5) attorney's fees are unavailable. (Def. Mem. at 2-3.) In the event any claim survives, Defendant alternatively requests a more definite statement under Rule 12(e). (*Id.* at 3-4.) Defendant also requests a stay of discovery. (*Id.* at 23.)

For the following reasons, the Court GRANTS Defendant's motion to dismiss Plaintiff's FAC.

## I.    Plaintiff Fails to State a Derivative-Work Copyright Claim

The Copyright Act grants the owner of a copyrighted work the exclusive right to reproduce

---

[1]In his opposition, Plaintiff "accepts the representation by Defendant Hachette Book Group, Inc. it had not sold book covers bearing the copyrighted work and withdraws its claim under 17 U.S.C. § 106(1) of direct infringement by the reproduction of the cover art for the book entitled *Slow Heat in Heaven*." (Pl. Opp. 1.) Accordingly, Plaintiff's direct reproduction theory is deemed withdrawn. The only remaining infringement theory **is** Plaintiff's derivative-work theory under 17 U.S.C. § 106(2).

the work and to prepare derivative works based upon the copyrighted work. 17 U.S.C. § 106(1)-(2). *See Arista Records, LLC v. Doe*, 604 F.3d 110, 117 (2d Cir. 2010) (internal citation omitted) (stating that the owner of a copyright maintains the exclusive right to "reproduce, perform publicly, display publicly, prepare derivative works of, and distribute copies of, his copyrighted work.") To plausibly allege a copyright infringement claim, a plaintiff must establish two elements: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Abdin v. CBS Broad., Inc.*, 971 F.3d 57, 66 (2d Cir. 2020). Here, Defendant does not dispute ownership for purposes of this motion. The parties' dispute centers on whether Plaintiff plausibly alleges copying of protectable expression.

To satisfy the second element, a plaintiff "must demonstrate two sub-elements: (1) the defendant has actually copied the plaintiff's work; and (2) the copying is illegal because a substantial similarity exists between the defendant's work and the protectable elements of the plaintiff's work." *Id.* For a plaintiff to properly assert a claim under a derivative-work theory, there must be a copying of protectable expression. *Id.* The Court rejects Plaintiff's argument that substantial similarity is irrelevant to derivative-work claims. A plaintiff cannot avoid the actual-copying or substantial-similarity requirements merely by labeling accused works "derivative." Substantial similarity "requires that copying be quantitatively and qualitatively sufficient to support the legal conclusion that infringement has occurred." *Castle Rock Entm't, Inc. v. Carol Publ'g Grp., Inc.*, 150 F.3d 132, 138 (2d Cir. 1998).

Here, Plaintiff relies on the following features of his artwork: the author's name in large full capital letters, sans-serif font, placement of the author's name in the upper section of the illustration, placement of the book title in large type in the lower half of the illustration, and a soft background image creating a unified "look and feel" or style of branding. (FAC ¶ 10.) Under 17

U.S.C. § 102(b), copyright protection does not extend to any idea, procedure, process, system, method of operation, concept, principle, or discovery. Many of the features Plaintiff identifies— large capital letters, a sans-serif font, placement of the author's name and title, and a general "look and feel" for book branding—are either unprotectable or entitled, at most, to thin protection. Mere variations of typographic ornamentation, lettering, or coloring are not subject to copyright. 37 C.F.R. § 202.1(a). Typeface is likewise not protectable. 37 C.F.R. § 202.1(e). The use of standard fonts is likewise not protectable subject matter under United States copyright law. *Hamdad Trust v Ajit Newspaper Adv., Mktg. & Communs., Inc.*, 503 F. Supp. 2d 577, 589 (E.D.N.Y. 2007). The level of creativity inherent in elements such as spacing of letters and precise shapes is de minimis and trivial—making it an insufficient basis for a copyright claim. *PrimeSource, Inc. v. Pers. Res., Inc.,* No. 97-CV-0400E F, 1998 WL 543366, at *1, *4 (W.D.N.Y. Aug. 21, 1998). Even assuming Plaintiff's particular selection and arrangement of these elements is entitled to thin copyright protection, the accused covers are not substantially similar to the protectable expression in Plaintiff's asserted work.

In determining substantial similarity, the test is whether "an ordinary observer, unless he set out to detect the disparities, would be disposed to overlook them, and regard the aesthetic appeal as the same…in [application] we ask whether an average observer would recognize the alleged copy as having been appropriated from the copyrighted work." *Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*, 602 F.3d 57, 66 (2d Cir. 2010). Where, as here, the reproduced works are attached to or incorporated into the complaint, the Court may compare the works at the pleading stage. *Id*.

The asserted cover features the author's name at the top of the cover, with the last name in larger font size. (FAC ¶ 10.) The title is in the bottom half of the cover spaced out around a red

floral illustration, with both lowercase and capitalized letters. *Id.* The author's name and title are offset by a sharp color difference at the center of the artwork. *Id.* An illustration of the artwork is depicted below.


(FAC, Ex. B.)

The accused covers identified in Exhibit D share, at most, broad design conventions with Plaintiff's asserted work, including prominent placement of the author's name and large title text. (FAC, Ex. D.) But those similarities concern unprotectable or commonplace design elements and do not show appropriation of Plaintiff's protectable expression. The accused covers do not replicate the asserted cover's red-and-gold color-blocked layout, red floral illustration, split title placement, or overall visual expression. (*Id.*)

Accordingly, no ordinary observer could find substantial similarity between the protectable elements of Plaintiff's asserted work and the accused covers. Therefore, the derivative-work copyright claim is dismissed.

## II.      Plaintiff Fails to Plausibly Allege Actual Copying

Plaintiff's withdrawal of his direct reproduction theory under 17 U.S.C. § 106(1) does not

eliminate his remaining derivative-work infringement theory under 17 U.S.C. § 106(2). But a derivative-work claim still requires Plaintiff to plausibly allege actual copying. Access alone is insufficient to state a copyright-infringement claim. *Jorgensen v. Epic/Sony Records*, 351 F.3d 46, 56 (2d Cir. 2003). There must also be similarities between the two works that are probative of copying, which Plaintiff has not sufficiently alleged here. *Id.* Here, the alleged similarities are not probative of copying because they consist of generic, unprotectable features common to book covers. *See* 37 C.F.R. § 202.1. Likewise, Plaintiff's allegation that Hachette used artificial intelligence to create additional book covers from his work is speculative and unsupported by nonconclusory factual allegations. Thus, Plaintiff fails to plausibly allege actual copying.

## III.    Plaintiff Fails to State a Secondary Infringement Claim

Plaintiff alleges Defendant induced infringement by unidentified third parties or retailers. (FAC ¶ 20.) To plausibly state a claim for inducement of copyright infringement, "a plaintiff must show that the defendant (1) engaged in purposeful conduct that encouraged copyright infringement, with (2) the intent to encourage such infringement." *Advance Loc. Media LLC v. Cohere Inc.,* No. 25-CV-1305 (CM), 2025 WL 3171892, at *6 (S.D.N.Y. Nov. 13, 2025) (quoting *Arista Recs. LLC v. Lime Grp. LLC*, 784 F. Supp. 2d 398, 425 (S.D.N.Y. 2011)). It is well settled that a defendant cannot be held secondarily liable unless a third party directly infringed the plaintiff's copyright. *See Wolk v. Kodak Imaging Network, Inc.,* 840 F. Supp. 2d 724, 750 (S.D.N.Y. 2011); *see also Faulkner v. Nat'l Geographic Enters*., 409 F.3d 26, 40 (2d Cir. 2005) ("there can be no contributory infringement absent actual infringement"). Plaintiff has failed to plausibly allege the requisite underlying direct infringement.

Furthermore, Plaintiff fails to allege facts showing the necessary "purposeful conduct" that Defendant undertook to encourage another to engage in copyright infringement. The FAC alleges

only that unidentified retailers and subsequent sellers resold books bearing allegedly derivative works. (FAC ¶ 20.) Plaintiff does not identify a third-party infringer, a specific act of infringement by a third party, or any facts showing that Hachette knowingly encouraged, caused, materially contributed to, or had the right and ability to control such infringement. *See MGM Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 918 (2005) (noting that clear expression or other affirmative steps to foster infringement makes an individual liable for the resulting acts of infringement by third parties). Mere conclusory allegations are insufficient to state a secondary infringement claim. Therefore, Plaintiff's secondary infringement theory must be dismissed.

**IV.     Plaintiff Cannot State a Claim Under the Universal Copyright Convention, Berne Convention, or Unspecified International Copyright Law**

Plaintiff alleges that for all sales abroad the Defendant has violated international copyright laws, including the Universal Copyright Convention, the Berne Convention, and "international copyright laws." (FAC ¶ 7.) The Berne Convention Implementation Act of 1988, Pub. L. No. 100-568 § 2, 102 Stat. 2853 (codified as amended at 17 U.S.C. § 101 et seq.), permits an owner of an unregistered foreign copyright to bring claims of copyright infringement in the United States courts. *MPD Accessories B.V. v. Urban Outfitters*, 2014 WL 2440683, at \*5 (S.D.N.Y. May 30, 2014) (citing 17 U.S.C. §§ 101, 104, 411). It provides a foreign copyright owner the same protections afforded to domestic copyright owners in the United States courts. *See Films by Jove, Inc. v. Berov*, 341 F. Supp. 2d 199, 205-06 (E.D.N.Y. 2004). It does not, however, create a separate and independent cause of action. *See Bridgeman Art Lib. v. Corel Corp.*, 36 F. Supp. 2d 191, 195 (S.D.N.Y. 1999). The Berne Convention is not self-executing; copyright holders must bring claims under an independent source of law, such as the Copyright Act. *Id.*  Similarly, the Universal Copyright Convention does not provide an independent cause of action but merely provides that a

signatory nation must accord foreign copyright works the same protection that it grants to domestic works. *Beechwood Music Corp. v. Vee Jay Recs., Inc.*, 226 F. Supp. 8, 14 (S.D.N.Y.), aff'd, 328 F.2d 728 (2d Cir. 1964).

Here, Plaintiff does not identify any specific foreign copyright law, foreign copyright registration, or foreign-law cause of action. To the extent Plaintiff relies on those conventions as independent bases for relief, those claims fail as a matter of law. Plaintiff's vague references to "international copyright laws" are also insufficient because they fail to give Defendant fair notice of the legal basis for any foreign-law claim.[2] Accordingly, Plaintiff's claims under the Universal Copyright Convention, the Berne Convention, and unspecified international copyright law are dismissed.

## V.    Timeliness/Statute of Limitations

Defendant also argues that Plaintiff's copyright claims are barred, in whole or in part, by the Copyright Act's three-year statute of limitations. (Def. Mem. at 18); *see* 17 U.S.C. § 507(b). Plaintiff responds that he discovered the alleged infringement in Spring 2024. (Pl. Opp. at 6.)

The FAC, however, contains no comparable allegations. It does not allege when Plaintiff first discovered the alleged infringement, what facts led to that discovery, or why Plaintiff could not have discovered the alleged infringement earlier through the exercise of reasonable diligence. Nor does the FAC identify any specific infringing act, sale, distribution, or authorization that occurred within the limitations period. Instead, the FAC alleges in general terms that Defendant published, sold, authorized, or facilitated sales of the accused works "around the world" and that

---

[2] Federal Rule of Civil Procedure 8 requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief," sufficient to "give the defendant fair notice" of the claim "and the grounds upon which it rests." Fed. R. Civ. P. 8(a)(2*); see Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Plaintiff's general reference to "international copyright laws," without identifying a specific foreign law, registration, or cause of action, does not satisfy that requirement.

the alleged infringement "continues." (FAC ¶¶ 13-14, 17, 21.) Those conclusory allegations are insufficient, without supporting facts, to plead that Plaintiff's claims are timely.

Plaintiff's opposition papers do not cure this defect. Although Plaintiff asserts in opposition that he discovered the alleged infringement in Spring 2024, a plaintiff may not amend a complaint through an opposition brief or supporting declaration. Accordingly, the Court considers the sufficiency of the FAC as pleaded, not the additional facts asserted only in Plaintiff's opposition.

Accordingly, the FAC does not plead facts from which the Court can determine that Plaintiff's claims are timely. However, because Plaintiff's claims fail on substantial similarity, actual copying, and the absence of a viable international-law claim, the Court need not decide whether the claims are independently barred by the statute of limitations. To the extent Plaintiff seeks leave to amend, any amended pleading must allege facts showing when Plaintiff discovered the alleged infringement, why it could not have been discovered earlier with reasonable diligence, and what specific infringing acts occurred within the limitations period.

## VI.    Attorney's Fees

Plaintiff seeks attorney's fees under 17 U.S.C. § 505. (FAC at 9; Pl. Opp. at 7.) Section 505 permits a court, in its discretion, to award attorney's fees and costs to a prevailing party in a copyright action. Because Plaintiff's claims are dismissed, Plaintiff is not a prevailing party at this stage. Therefore, Plaintiff's request for attorney's fees is denied without prejudice to renewal if appropriate. To the extent Plaintiff invokes 28 U.S.C. § 1927, that statute does not provide an independent basis for Plaintiff to recover attorney's fees on the pleadings.[3]

---

[3] Plaintiff cites 28 U.S.C. § 1297 in opposition. (Pl. Opp. at 7.) Because that statute does not concern attorney's fees, the Court assumes Plaintiff intended to reference 28 U.S.C. § 1927. In any event, neither provision provides a basis for awarding attorney's fees to Plaintiff at this stage.

**VII.    Rule 12(e) Alternative Request and Discovery Stay**

Federal Rule of Civil Procedure 12(e) provides that a party may move for a more definite statement of a pleading that is "so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). Because the Court is dismissing the FAC in its entirety under Rule 12(b)(6), Defendant's alternative request for a more definite statement is denied as moot. Defendant's request to stay discovery is also denied as moot.

**VIII.    Leave To Amend**

Federal Rule of Civil Procedure 15(a)(2) provides that courts "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Although Plaintiff has already amended his complaint once, the Court grants Plaintiff one final opportunity to amend. Any Second Amended Complaint must be filed consistent with Rule 11 and must allege facts curing the deficiencies identified in this Opinion, including facts plausibly showing copying of protectable expression, actual copying, the basis for any timely claim, and the legal basis for any foreign-law claim. Plaintiff is advised that any Second Amended Complaint will replace, not supplement, the Amended Complaint, and therefore must include all claims and factual allegations Plaintiff wishes to pursue in this action. If Plaintiff fails to timely file a Second Amended Complaint, the claims dismissed without prejudice in this Opinion and Order will be dismissed with prejudice.

CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is GRANTED. Plaintiff's Amended Complaint is dismissed without prejudice. Defendant's alternative request for a more definite statement is DENIED as moot. Defendant's request to stay discovery is also DENIED as moot. Plaintiff may file a Second Amended Complaint on or before August 7, 2026. Plaintiff is advised that the Second Amended Complaint will replace, not supplement, the Amended

Complaint, and therefore must include all claims and factual allegations Plaintiff wishes to pursue in this action.

If Plaintiff timely files a Second Amended Complaint, Defendant shall answer or otherwise respond within twenty-one days of the Second Amended Complaint. If Plaintiff fails to timely file a Second Amended Complaint, all claims dismissed without prejudice in this Opinion and Order will be deemed dismissed with prejudice without further order of the Court.

The Clerk of Court is respectfully directed to terminate the motion at ECF No. 16.

Dated: July 8, 2026
     White Plains, NY

SO ORDERED:

NELSON S. ROMÁN
United States District Judge