

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _08/13/2026_

Mayer Brown LLP
1221 Avenue of the Americas
New York, NY 10020-1001
United States of America

T: +1 212 506 2500
F: +1 212 262 1910

mayerbrown.com

**Allison Aviki**
Partner
T: +1 212 506 2310
F: +1 212 849 5910
AAviki@mayerbrown.com

August 12, 2026

**VIA ECF**

Hon. Nelson S. Román
Hon. Charles L. Brieant Jr. Federal Building and Courthouse
300 Quarropas Street, White Plains, NY 10601

Re: *Santora v. Hachette Book Group, Inc.*, Case No. 7:25-cv-5114

Dear Judge Román:

Pursuant to Your Honor's Individual Rule 3(A)(ii), Defendant Hachette Book Group, Inc. ("Hachette") respectfully requests a pre-motion conference and leave to file a motion for attorneys' fees and costs under Federal Rule of Civil Procedure 54 and 17 U.S.C. § 505.

**Overview of Santora's Claims and This Court's Order Dismissing Those Claims**

Plaintiff Robert E. Santora ("Santora") initiated this copyright infringement action on June 18, 2025, alleging that Hachette infringed his artwork created for cover designs for books authored by Sandra Brown. Plaintiff filed his First Amended Complaint on July 28, 2025, asserting claims under the Copyright Act of 1976, the Universal Copyright Convention, and the Berne Convention, and advancing theories of direct, derivative, and secondary copyright infringement. On November 18, 2025, Hachette served its motion to dismiss. In his December 19, 2025 opposition, Santora withdrew his direct reproduction theory under 17 U.S.C. § 106(1), conceding that Hachette had not sold book covers bearing his copyrighted work. His sole remaining theory was that the accused book covers were infringing "derivative works" under § 106(2). On January 5, 2026, Hachette filed its reply, and the motion was fully briefed.

On July 8, 2026, the Court issued its Opinion and Order granting Hachette's motion to dismiss in its entirety, rejecting every theory Santora advanced. ECF No. 29 ("Order"). The Court granted Santora one final opportunity to amend, and on August 6, 2026, Santora filed a notice stating he would not amend and directing the Clerk to dismiss the Action with prejudice. ECF No. 30. The Court endorsed that notice on August 7, 2026. ECF No. 31. All claims are now dismissed with prejudice, and Hachette is the prevailing party.

Notably, before suit was ever filed, Hachette responded to Santora's cease-and-desist letter, making clear that the elements he identified as protectable were not copyrightable subject matter under established copyright law. Despite being put on notice that his claims lacked any legal basis, Santora filed this Action. Moreover, in December 2013, the parties entered into an Agreement under which Santora granted Hachette a broad release, including for claims stemming from relevant acts occurring before December 21, 2013—making Santora's claims doubly unwarranted.

**MEMO ENDORSED**

**See Page 4.**

Mayer Brown LLP

Hon. Nelson S. Román
August 12, 2026
Page 2

**<u>Hachette is Entitled to Attorneys' Fees and Costs</u>**

Under 17 U.S.C. § 505, a court "in its discretion may allow the recovery of full costs" and "may also award a reasonable attorney's fee to the prevailing party" in a copyright action. Prevailing defendants are to be treated comparably to prevailing plaintiffs for purposes of fee awards. *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 (1994). Courts in the Second Circuit consider, among other factors, "frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Matthew Bender & Co. v. W. Publ'g Co.*, 240 F.3d 116, 121 (2d Cir. 2001). A court "should give substantial weight to the objective reasonableness of the losing party's position." *Kirtsaeng v. John Wiley & Sons, Inc.*, 579 U.S. 197, 199-200 (2016). Each of these factors weighs decisively in Hachette's favor.

Santora's claims were objectively unreasonable and frivolous in every respect. The Court found that the features Santora identified as protectable, including "the author's name in large full capital letters, sans-serif font, placement of the author's name in the upper section of the illustration, placement of the book title in large type in the lower half of the illustration, and a soft background image creating a unified 'look and feel,'" are "either unprotectable or entitled, at most, to thin protection." Order at 5-6. The Court held that "no ordinary observer could find substantial similarity between the protectable elements of Plaintiff's asserted work and the accused covers." Order at 7. The non-copyrightability of typeface, font choices, and general layout conventions is black-letter copyright law (37 C.F.R. § 202.1), and any reasonable party would have recognized these elements as unprotectable before filing suit. This is especially true here, where Hachette— in response to Santora's cease-and-desist letter—highlighted these precise defects to Santora nearly a year before Santora went ahead and filed his complaint anyway.

All of Santora's legal theories failed. This Court "reject[ed]" Santora's central theory, that a derivative-work claim under § 106(2) does not require substantial similarity. Order at 5. The Court found Santora failed to plausibly allege actual copying, holding that "the alleged similarities are not probative of copying because they consist of generic, unprotectable features common to book covers." *Id.* at 8. This Court further held that his artificial intelligence allegation was "speculative and unsupported by nonconclusory factual allegations." *Id.* The Court dismissed his secondary infringement claim for failure to "plausibly allege the requisite underlying direct infringement" or "identify a third-party infringer" or "any facts showing that Hachette knowingly encouraged, caused, materially contributed to, or had the right and ability to control such infringement." *Id.* at 8-9. His international law claims under the Berne and Universal Copyright Conventions were dismissed because they do not provide independent causes of action. *Id.* at 10. Moreover, Santora brought a direct reproduction claim, only to withdraw it in his opposition (*see id.* at 4 n.1)— requiring Hachette to expend resources briefing a claim Santora himself abandoned. Lastly, Santora's decision to proceed despite clear advance notice from Hachette that his claims lacked legal merit further supports a fee award. *See Nwosuocha v. Glover*, 2025 WL 560846, at *4 (S.D.N.Y. Feb. 20, 2025), *aff'd*, 2026 WL 468746 (2d Cir. Feb. 19, 2026).

Hon. Nelson S. Román
August 12, 2026
Page 3

**The Amount that Hachette Intends to Seek is Reasonable**

The Supreme Court has established that the "lodestar" is "[t]he most useful starting point" for determining whether attorneys' fees are reasonable. *Blanchard v. Bergeron*, 489 U.S. 87, 89 n.2 (1989). The lodestar is calculated by multiplying reasonable hourly rates by the number of hours reasonably expended. *Blum v. Stenson*, 465 U.S. 886, 888 (1984). In exercising its discretion, the Court should "bear in mind *all* the case-specific variables . . . in setting a reasonable hourly rate," and "[t]he reasonable hourly rate is the rate a paying client would be willing to pay." *Lilly v. City of New York*, 934 F.3d 222, 230 (2d Cir. 2019).

Hachette's fees satisfy this standard. This was an associate-led defense, with law school graduates fewer than three years out taking substantial drafting responsibility in an effort to keep fees low, and the invoices attached to Hachette's requested motion will demonstrate rates consistent with prevailing market rates for copyright litigation in this District. *See, e.g.*, *Syntel Sterling Best Shores Mauritius Ltd. v. TriZetto Grp., Inc.*, 2026 WL 850548, at *3 (S.D.N.Y. Mar. 27, 2026) (approving rates from $785 to $2,465 in a copyright action). The hours expended were reasonable in light of the results, including the fact that these results were obtained in the face of sweeping claims asserted and damages sought—Santora accused twenty-three different Hachette book covers, sought disgorgement of not only Hachette's profits but also those of unidentified retailers and sellers, plus Santora's attorneys' fees. Am. Compl. 8-9 and Ex. 4. Hachette is also entitled to recover fees incurred preparing this motion. *See Patsy's Brand, Inc. v. I.O.B. Realty, Inc.*, 2022 WL 1026577, at *4 (S.D.N.Y. Apr. 6, 2022). Relatedly, Hachette's costs should be immediately recoverable.

**Hachette Also Requests Leave to File Redacted Supporting Materials**

In support of its motion, Hachette intends to submit billing invoices and seeks leave to file redacted versions of these invoices. Hachette would redact the narrative descriptions of work performed on the basis of attorney-client privilege and/or attorney work product. Privilege overcomes the presumption of access to judicial documents where redacted entries contain substantive detail and the party has not redacted indiscriminately. *Flatiron Acquisition Vehicle, LLC v. CSE Mortg. LLC*, 2021 WL 4481853, at *2-3 (S.D.N.Y. Sept. 29, 2021). The redactions will be narrowly tailored to protect substantive detail about litigation strategy while allowing assessment of the reasonableness of work performed and fees sought. *See Argonaut Ins. Co. v. Manetta Enters., Inc.*, 2021 WL 170832, at *4 (E.D.N.Y. Jan. 19, 2021).

***

Hachette respectfully requests:

1. Leave to file a motion requesting attorneys' fees and costs; and

2. upon the granting of such leave, permission to file redacted versions of counsel's invoices in support of that motion.

Mayer Brown LLP

Hon. Nelson S. Román
August 12, 2026
Page 4


Respectfully submitted,
/s/ Allison Aviki
Allison Aviki


**The Court is in receipt of Defendant's letter requesting a pre-motion conference and leave to file a motion for attorneys' fees and costs.  (ECF No. 32). Plaintiff is directed to respond to Defendant's letter on or before August 19, 2026.**

**Dated: August 13, 2026**
**White Plains, NY**    SO ORDERED:

HON. NELSON S. ROMAN
UNITED STATES DISTRICT JUDGE

**CERTIFICATE OF SERVICE**

I, Allison Aviki, affirm that this pre-conference letter has been simultaneously emailed to Plaintiff's counsel.

/s/ Allison Aviki
Allison Aviki
MAYER BROWN LLP