*Law Offices Of*

**GERARD F. DUNNE, P.C.**

56 LAKEVIEW DRIVE
RIVERHEAD, NEW YORK 11901

TELEPHONE (212) 645-2410
Gerard F. Dunne, Esq.
F.J. Penny Zahler, Paralegal

MOBILE (917) 656-7753
jerry.dunne@dunnelaw.net
penny.zahler@dunnelaw.net

August 19, 2026

The Hon. Nelson S. Román,Via: ECF
United States District Court Judge
United States Courthouse
300 Quarropas Street
White Plains, New York 10601

Re: Robert E. Santora v. Hachette Book large, Inc., 7:25-cv-05114-NSR (VR)

Dear Judge Román:

I am counsel for the plaintiff in the above-captioned matter and submit this response to Defendant Hachette Book Group, Inc.'s ("Hachette") request for leave to file a motion for attorney fees.

Defendant's request is based largely on this Court's earlier decision on the motion to dismiss, and asserts the Plaintiff Robert Santora brought this case with "objective unreasonableness." However, the grant of a motion to dismiss does not in itself render a claim unreasonable. *Silberstein v. Fox Entm't Grp., Inc.*, 536 F. Supp. 2d 440, 444 (S.D.N.Y.2008.) Prevailing parties are not entitled to fees merely because they have been successful on a motion to dismiss or for summary judgment. To do so "would establish a per se entitlement of attorney's fees whenever issues pertaining to judgment are resolved against a copyright plaintiff. This is not a correct construction of the law." *Nicholls v. Tufenkian Import/Export Ventures, Inc.*, 2005 WL 1949487, at *3 (S.D.N.Y. Aug. 11, 2005) (quoting *CK Co. v. Burger King Corp.*, 1995 WL 29488 at *1 (S.D.N.Y. Jan. 26, 1995)) ((internal quotation marks and citation omitted); *see also Brown v. Perdue*, 2006 WL 2679936 at *1 (S.D.N.Y. September 15, 2006). "Rather, the courts of this Circuit have generally concluded that only those claims that are clearly without merit or otherwise patently devoid of legal or factual basis ought to be deemed objectively unreasonable." *Penguin Books USA Inc. v. New Christian Church of Full Endeavor, Ltd.*, ,2004 WL728878 (S.D.N.Y., Apr. 6, 2004) at *3 (citing cases).

Objective unreasonableness should not be considered merely "subjective" unreasonableness. Defendant Hachette needed to provide evidence Plaintiff's maintenance of the suit was unreasonable. Defendant refers to a pre-suit "cease-and -desist" as evidence of "unwarranted" litigation. A party's good faith refusal to cooperate with a suspected infringer prior to the filing of suit is not a proper ground for the award of attorneys' fees to the prevailing

party in the subsequent suit. *Matthew Bender & Co., Inc. v. West Publ'g. Co.*, 240 F. 3d 116, 124-125 (2d Cir.2001.)

The court has held features such as the author's name in large full capital letters, sans-serif font, placement of the author's name in the upper section of the illustration, placement of the book title in large type in the lower half of the illustration, and a soft background image are all preexisting features and not entitled to protection. Plaintiff Mr. Santora has asserted a "look and feel" from his combined use of these features that has continued in the accused book covers subsequent his submission of the copyrighted artwork to Defendant Hachette.

The use of such features as the author's name in large full capital letters, sans-serif font, placement of the author's name in the upper section of the illustration, placement of the book title in large type in the lower half of the illustration, and a soft background image are certainly commonplace among book covers, but it is also well understood that publishing houses publish books of the same author with a commonality in design so the books of a favorite author can readily be recognized. Such commonality in design relates to a "look and feel" by an arrangement of such features which Plaintiff Mr. Santora had asserted had been misappropriated by Defendant Hachette.

All creative works draw on the common wellspring that is the public domain," *Tufenkian Import/Expott Ventures, Inc. v. Einstein Moomjy, Inc.*, 338 F.3d 127, 132 (2d Cir.2003.) The Second Circuit "ha[s] disavowed any notion that '[courts] are required to dissect [the works] into their separate components, and compare only those elements which are in themselves copyrightable," *Peter F. Gaito Architecture, LLC v. Simone Development Corp.*, 602 F.3d 57, 66 (2d Cir. 2010) (quoting *Knitwaves, Inc. V. Lollytogs LTD*, 71 F.3d 996 at 1002, 2nd. Cir. 1995). Instead, the Court of Appeals has instructed courts to be "principally guided 'by comparing the contested [work's] total concept and overall feel' with that of the allegedly infringed work, as instructed by [their] good eyes and common sense." *Gaito*, 602 F.3d at 66 (quoting *Tufenkian Imp./Exp. Ventures, Inc.*, 338 F.3d at 133).

"To determine whether two works are substantially similar—and thus whether any copying was wrongful—[courts] usually apply the ordinary observer test and ask whether the ordinary observer, unless he set out to detect the disparities, would be disposed to overlook them, and regard their aesthetic appeal as the same." *Zalewski v. Cicero Builder Dev., Inc.* 754 F.3d 95 at 102 (2nd Cir. 2014); see also *Yurman Design, Inc. v. PAJ, Inc.*, 262 F.3d 101, 111 (2d Cir. 2001) ("The standard test for substantial similarity between two items is whether an ordinary observer, unless he set out to detect the disparities, would be disposed to overlook them, and regard the aesthetic appeal as the same." This test, at its core, asks "whether an average lay observer would recognize the alleged copy as having been appropriated from the copyrighted work." *Peter F. Gaito*, 602 F.3d at 66.

The total "look and feel" in design cases can be complicated as noted in *Tufenkian* above. The test, however, is difficult to apply for several reasons. First, "[t]he test . . . is of necessity

vague," *Peter Pan Fabrics, Inc. v. Martin Weiner Corp.*, 274 F.2d 487, 489 (2d Cir. 1960), and "[t]he determination of the extent of similarity that will constitute a substantial, and hence infringing, similarity presents one of the most difficult questions in copyright law, and one that is the least susceptible of helpful generalizations," *Peter F. Gaito*, 602 F.3d at 63 quoting 4 Nimmer on Copyright § 13.03 (2009)); see also *Durham Indus., Inc. v. Tomy Corp.*, 630 F.2d 905, 911 (2d Cir. 1980) ("[T]he question of infringement is generally resolved by the fact-finder's prediction of the probable reaction of a hypothetical `ordinary observer.'") Second, it is often the case that "a work's aesthetic appeal will be due largely to unprotected elements." *Zalewski*, 754 F.3d at 102. .

Differences of opinion regarding substantial similarity in book cover artworks are not necessarily "objectionably unreasonable" especially when book covers for a single author are expected to have a commonality. "[T]he imposition of a fee award against a copyright holder with an objectively reasonable litigation position will generally not promote the purposes of the Copyright Act." *Matthew Bender & Co., Inc. v. West Publ'g. Co.*, 240 F.3d 116, 122 (2d Cir. 2001.)

Defendant Hachette has not denied it had access to Plaintiff's copyrighted artwork for book covers for titles authored by Sandra Brown, and has not denied it "adapted" Plaintiff's copyrighted artwork for subsequent books authored by Sandra Brown. It was not objectively unreasonable for Mr. Santora to consider his copyrighted artwork to have been misappropriated.

Furthermore, Plaintiff Santora is an individual artist and Defendant Hachette is a large and well established publishing company. Fee awards are at bottom an equitable matter, and the Second Circuit has stated that "courts should not hesitate to take the relative wealth of the parties into account." *Shangold v. Walt Disney Co.*, 275 Fed.Appx. 72, 74 (2d Cir.2008). Some courts have stated that "[courts assessing attorney's fee applications in copyright actions may consider the relative financial strengths of the parties in determining whether an award of fees is appropriate." *Contractual Obligation Prods., LLC v. AMC Networks, Inc.*, 546 F.Supp.2d 120, 132 (S.D.N.Y.2008); see also *Leibovitz v. Paramount Pictures Corp.*, No. 94 Civ. 9144, 2000 WL 1010830, at *5 (S.D.NY. July 21, 2000).

It its discretion, the Court should deny the request for Defendant Hachette to seek attorney fees in this matter.

Sincerely,

Gerard F. Dunne

GFD:jd
cc: All counsel of record via ECF